GUERNSEY.
December 1816

Ohio
*v.*
Lent.

---

## OHIO vs. LENT.

A party cannot, by cross examining his adversary's witness, prove the contents of a writing which might have been produced by him.

INDICTMENT for an assault and battery upon Samuel Stiers.

Samuel Stiers was examined as a witness for the state.

Ward, the magistrate before whom Lent had been recognized for his appearance to answer for this breach of the peace, was also examined as a witness for the state.

HERRICK, for the defendant, on the cross examination of Ward, desired him to state what Stiers had told him concerning the affray, when he made his complaint.

HARPER, for the state, asked the witness if the complaint was not taken in writing.  The witness answered, that it was all written by himself, then read over to Stiers, and by him signed and sworn to.

HARPER then objected to the putting of any questions to the witness, concerning the matter of that complaint; and insisted that he was bound to produce it, if he wished to shew a variance between the testimony of Stiers before the magistrate, and here in court.

HERRICK, admitting that the question could not be put on an examination in chief, contended that it was proper, on a cross examination, to draw from the witness the contents of any writing like this in possession of the witness at a distance from court, previously unknown to the defendant, and wholly out of his power to produce.

PRESIDENT.—The complaint sworn to by Stiers, the witness before the magistrate, was the first step in this proceeding against Lent.

GUERNSEY.     Upon complaint made on oath, a warrant issues; the com-
December 1816  plaint is a judicial proceeding; any person has a right to
Ohio          have a copy of it, and to have such copy certified by the
*v.*
Mallory.      magistrate. It is, therefore, in the power of every man.
A copy, so certified, would be received as evidence in this court. It
can no more be proven by parole, than the records of courts can be.
And as to this, there is no distinction between an examination in
chief and a cross examination, for in neither may illegal evidence be
given.                                                               •

There can be no surprize here, upon the defendant; he must have
known that a complaint was made; he must have heard it on his
examination; there is not, therefore, any reason for admitting this
evidence.—Verdict, guilty.